UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Norelia Guillaume,

    Plaintiff,                                      CIVIL ACTION NO. 21-11619

v.

Jeffrey Drees, Joseph Keefe, Michael Casaletto,
Katelyn Murphy, Danny Catana, Corey
D'Entremont and the City of Malden,

    Defendants

**COMPLAINT**

I.      PARTIES

1. Plaintiff Norelia Guillaume, of Malden is and was a resident of the state of Massachusetts and the United States of America at all times referred to in this complaint.

2. Defendant Jeffrey Drees is a natural person and at all times alleged in this complaint was employed by the City of Malden as a police officer with the Malden Police Department.

3. Defendant Keefe is a natural person and at all times alleged in this complaint was employed by the City of Malden as a police officer with the Malden Police Department.

4. Defendant Casaletto is a natural person and at all times alleged in this complaint was employed by the City of Malden as a police officer with the Malden Police Department.

5. Defendant Murphy is a natural person and at all times alleged in this complaint was employed by the City of Malden as a police officer with the Malden Police Department.

6. Defendant Catana is a natural person and at all times alleged in this complaint was employed by the City of Malden as a police officer with the Malden Police Department.

7. Defendant D'Entremont is a natural person and at all times alleged in this complaint was employed by the City of Malden as a police officer with the Malden Police Department.

8. Defendant City of Malden is a municipal corporation located within Middlesex County, the Commonwealth of Massachusetts and the United States of America with principal offices at 215 Pleasant Street, 4th Floor, Malden, Massachusetts.

9. All individual defendants are being sued individually and in their official capacities.

10. At all times referred to in this complaint, the individual defendants were acting as employees, agents or servants of defendant City of Malden.

11. At all times referred to in this complaint, the individual defendants were acting under color of state law.

12. At all times referred to in this complaint, the individual defendants were engaged in a joint venture.

II. <u>JURISDICTION</u>

13. Plaintiff's action for violation of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution is brought pursuant to the provisions of 42 U.S.C. § 1983.

14. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

III. <u>VENUE</u>

15. This action is properly brought in the United States District Court for the District of Massachusetts under 28 U.S.C. §§ 1391 (b)(1) and (2) because the events at issue in the case arose and transpired in Malden, Middlesex County, Massachusetts.

IV. <u>FACTUAL ALLEGATIONS</u>

16. The incident giving rise to this action occurred at Plaintiff's home, 14 Bryant Street Malden, Massachusetts on or about October 9, 2018 and an arrest on October 21, 2018 for alleged violation of a restraining order.

17. Just days prior to the October 9, 2018 incident, Plaintiff called Malden police to report an unwelcome guest and trespasser, Nahomie Jean; responding officers Borges and Munyon indicated to Plaintiff that she should lock out Nahomie Jean.

18. Plaintiff was home with her family on the second floor of their residence on October 9, 2018, when members of the Malden police illegally broke into her home under the guise of helping Nahomie Jean retrieve baby items which were located on the first floor, without invitation, warrant or consent, climbing the stairs to the second floor to menace the residents and in particular, the plaintiff.

3

19. At least three Malden police officers entered the home illegally, if not more, but those known are: Jeffrey Drees, Joseph Keefe and Michael Casaletto.

20. Officer Drees violently and without provocation threw plaintiff to the floor of her home.

21. Plaintiff was arrested and charged with assault and battery on police officer Jeffrey Drees.

22. Defendant Catana was the supervisor who signed off on the police reports generated from the October 9, 2018 incident and at all times acted in a supervisory role of all the other defendants.

23. Plaintiff was acquitted of assault and battery on police officer Jeffrey Drees after jury trial in the Malden District Court.

24. On or about October 21, 2018, plaintiff was arrested and charged with the violation of a restraining order she was never served with.

25. Only after Plaintiff was arrested by defendant Cory D'Entremont and booked by defendant Danny Catana, did defendant Katelyn A. Murphy serve plaintiff with a copy of the restraining order.

26. The violation of a restraining order against plaintiff was ultimately dismissed at the Malden District Court.

27. Defendants Cory D'Entremont and Katelyn A. Murphy were also involved in the October 9, 2018 arrest of the Plaintiff.

### COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 – UNLAWFUL ENTRY
### (DREES, KEEFE, AND CASALETTO)

28. The above paragraphs are incorporated by reference.

4

29. The aforesaid actions and conduct by Defendants Drees, Keefe and Casaletto on October 9, 2018 violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT II - VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
### (DREES, KEEFE, CASALETTO, CATANA)

31. The above paragraphs are incorporated by reference.

32. The aforesaid actions and conduct by Defendants Drees, Casaletto, and Catana on October 9, 2018 violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE
### (DREES, KEEFE, AND CASALETTO)

34. The above paragraphs are incorporated by reference.

35. The aforesaid actions and conduct by Defendants Drees, Keefe and Casaletto acting in concert, in arresting Plaintiff without probable cause and using unreasonable force, on October 9, 2018, violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

36. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT IV – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO HIRE, TRAIN AND SUPERVISE
### (CITY OF MALDEN)

37. The above paragraphs are incorporated by reference.

38. Defendant City of Malden developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Malden.

39. Defendant City of Malden did not require appropriate in-service training or re-training of officers who were known to use excessive and unnecessary force and violate the constitutional rights of citizens by breaking and entering into private residences.

40. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant City of Malden, and were the cause of a violation of Plaintiff's rights alleged herein.

41. As a direct and proximate result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT V – ASSAULT AND BATTERY
### (DREES)

42. The above paragraphs are incorporated by reference.

43. The above-described actions of Defendant Drees on October 9, 2018 constituted an assault and battery as defined under the common law of the Commonwealth of Massachusetts.

44. As a direct and proximate cause of the above-described behavior of Defendant Drees, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT VI – FALSE ARREST AND IMPRISONMENT
### (DREES, KEEFE, CASALETTO, CATANA)

45. The above paragraphs are incorporated by reference.

46. The above-described actions of Drees, Keefe, Casaletto, and Catana on October 9, 2018 constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

47. As a direct and proximate cause of the above-described behavior of Defendants Drees, Keefe, Casaletto, and Catana, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT VII– MALICIOUS PROSECUTION
### (DREES, KEEFE, CASALETTO, CATANA)

48. The above paragraphs are incorporated by reference.

49. The above-described actions of Drees, Keefe, Casaletto, and Catana on October 9, 2018 and continuing thereafter, constituted malicious prosecution under the laws of the Commonwealth of Massachusetts.

50. As a result of the malicious prosecution of Plaintiff by Drees, Keefe, Casaletto, and Catana, she suffered great pain of mind and body and was otherwise damaged.

### COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (DREES, KEEFE, CASALETTO, CATANA)

51. The above paragraphs are incorporated by reference.

52. Defendants Drees, Keefe, Casaletto, and Catana intentionally inflicted emotional distress on the Plaintiff.