53. Their actions were extreme, outrageous, and beyond all bounds of decency that should be tolerated in a civilized community.

54. As a result of the acts and omissions of said defendants, Plaintiff has sustained severe physical, emotional and mental pain and suffering, and has sustained permanent mental injuries.

### COUNT IX- M.G.L. c. 12 § 11I – Civil Rights Violations
### (CITY OF MALDEN, DREES, CASALETTO, CATANA)

55. The above paragraphs are incorporated by reference.

56. By physically beating and abusing Plaintiff, maliciously prosecuting, falsely arresting and imprisoning, unlawfully entering Plaintiff's home and using excessive force, by threats, intimidation and coercion, interfered with, and/or attempted to interfere with Plaintiff's clearly and established and well settled rights established pursuant to the 8th and 14th Amendments of the United States Constitution, and the rights of Plaintiff under Articles 1, 10, 12 and 26 of the Massachusetts Declaration of Rights including but not limited to:

   A. Freedom from intimidation and humiliation;

   B. Right to necessary medical care;

   C. Freedom from summary punishment and unauthorized punishment;

   D. Right to substantive due process;

   E. Freedom from cruel and unusual punishment.

57. By their actions, defendants subjected Plaintiff to these deprivations knowingly, intentionally, willfully, purposefully, and maliciously; defendants acted with

8

deliberate indifference to, and reckless disregard for, the constitutional rights of plaintiff.

58. The policies and customs of the City of Malden of allowing their employees to engage in unconstitutional behavior, and of failing to properly hire, monitor, train, supervise, and otherwise control the conduct of their employees, interfered with, and/or attempted to interfere with, Plaintiff's constitutional rights by threats, intimidation and coercion in violation of M.G.L. c. 12, § 11I.

59. As a result of the actions and omissions of the defendants, Plaintiff's rights were violated, and she sustained severe and permanent physical and mental injuries, and pain and suffering.

## COUNT X- VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
### (MURPHY, D'ENTREMONT, CATANA)

60. The above paragraphs are incorporated by reference.

61. The aforesaid actions and conduct by Defendants Murphy, D'Entremont, and Catana on October 21, 2018 violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

62. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT XI – FALSE ARREST AND IMPRISONMENT
### (MURPHY, D'ENTREMONT, CATANA)

63. The above paragraphs are incorporated by reference.

9

64. The above-described actions of Murphy, D'Entremont, and Catana on October 21, 2018 constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

65. As a direct and proximate cause of the above-described behavior of Defendants Murphy, D'Entremont and Catana, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT XII– MALICIOUS PROSECUTION
### (MURPHY, D'ENTREMONT, CATANA)

66. The above paragraphs are incorporated by reference.

67. The above-described actions of Murphy, D'Entremont, and Catana on October 21, 2018 and continuing thereafter, constituted malicious prosecution under the laws of the Commonwealth of Massachusetts.

68. As a result of the malicious prosecution of Plaintiff by Murphy, D'Entremont, and Catana, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## COUNT XIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (MURPHY, D'ENTREMONT, CATANA)

69. The above paragraphs are incorporated by reference.

70. Defendants Murphy, D'Entremont and Catana intentionally inflicted emotional distress on the Plaintiff.

71. Their actions were extreme, outrageous, and beyond all bounds of decency that should be tolerated in a civilized community.

72. As a result of the acts and omissions of said defendants, Plaintiff has sustained severe physical, emotional and mental pain and suffering, and has sustained permanent mental injuries.

### COUNT XIV- M.G.L. c. 12 § 11I – Civil Rights Violations
### (CITY OF MALDEN, MURPHY, D'ENTREMONT, CATANA)

73. The above paragraphs are incorporated by reference.

74. By maliciously prosecuting and by falsely arresting and imprisoning the Plaintiff by threats, intimidation and coercion, interfered with, and/or attempted to interfere with Plaintiff's clearly and established and well settled rights established pursuant to the 8th and 14th Amendments of the United States Constitution, and the rights of Plaintiff under Articles 1, 10, 12 and 26 of the Massachusetts Declaration of Rights including but not limited to:

    A. Freedom from intimidation and humiliation;

    B. Right to necessary medical care;

    C. Freedom from summary punishment and unauthorized punishment;

    D. Right to substantive due process;

    E. Freedom from cruel and unusual punishment.

75. By their actions, defendants subjected Plaintiff to these deprivations knowingly, intentionally, willfully, purposefully, and maliciously; defendants acted with deliberate indifference to, and reckless disregard for, the constitutional rights of plaintiff.

76. The policies and customs of the City of Malden of allowing their employees to engage in unconstitutional behavior, and of failing to properly hire, monitor, train,

supervise, and otherwise control the conduct of their employees, interfered with, and/or attempted to interfere with, Plaintiff's constitutional rights by threats, intimidation and coercion in violation of M.G.L. c. 12, § 11I.

77. As a result of the actions and omissions of the defendants, Plaintiff's rights were violated, and she sustained severe and permanent physical and mental injuries, and pain and suffering.

### COUNT XV- ABUSE OF PROCESS
### (DREES, KEEFE, CASALETTO, CATANA)

78. The above paragraphs are incorporated by reference.

79. The aforesaid actions and conduct of the Defendants Drees, Keefe, Casaletto, and Catana on October 9, 2018 and continuing thereafter, constituted abuse of process under the laws of the Commonwealth of Massachusetts.

80. As a result of the abuse of process by the above-named defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT XVI- ABUSE OF PROCESS
### (MURPHY, D'ENTREMONT, CATANA)

81. The above paragraphs are incorporated by reference.

82. The aforesaid actions and conduct of the Defendants Murphy, D'Entremont and Catana on October 21, 2018 and continuing thereafter, constituted abuse of process under the laws of the Commonwealth of Massachusetts.

83. As a result of the abuse of process by the above-named defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants jointly and severally on all counts of this Complaint and:

a. Award compensatory damages;
b. Award punitive damages;
c. Award interest and costs of this action to Plaintiff;
d. Award Attorneys' fees to Plaintiff; and
e. Award such other relief which this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,
Plaintiff, NORELIA GUILLAUME

By her attorney,

/s/ Sean A. Doherty
Sean A. Doherty BBO#568103
709 Main Street
Millis, MA  02054
877-284-3529
attorneyseanadoherty@gmail.com